UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KATHLEEN PRINCETON
and RICHARD BOJAR,
                    **Plaintiffs,**

          **v.**                              **Case No. 25-CV-1215**

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY SI,
AMERICAN STANDARD INSURANCE
COMPANY OF WISCONSIN, and
AMERICAN FAMILY LIFE INSURANCE COMPANY,
                    **Defendants.**

## DECISION AND ORDER

Kathleen Princeton and Richard Bojar, on behalf of themselves and all others similarly situated, filed this breach of contract suit against American Family Mutual Insurance Company SI, American Standard Insurance Company of Wisconsin, and American Family Life Insurance Company (collectively referred to as "American Family"). (ECF No. 1.) Plaintiffs seek to assert the right of designated beneficiaries to receive a lifetime annuity under American Family's termination benefit plan. (ECF No. 1-2 at 7-8.) Before the court now are competing versions of protective orders proposed by each side.

The court issued a scheduling order on April 1, 2026. The parties are now in discovery. American Family recently filed an expedited non-dispositive motion for protective order. (ECF No. 27.) Accompanying the motion was a proposed order that

incorporated the standard form order used in the Eastern District of Wisconsin. (ECF No. 20, ¶ 5.)

American Family's motion stated that it conferred with plaintiffs and that plaintiffs "agreed to entry of a protective order." (ECF No. 20, ¶ 12.) However, American Family noted that plaintiffs did not agree to entering the standard form order proposed by American Family. (ECF No. 20, ¶ 13.) Rather, the motion states that plaintiffs wanted "to add a provision prohibiting any redaction of responsive documents on relevancy grounds." (ECF No. 20, ¶ 13.) The court entered American Family's proposed protective order (without plaintiffs' preferred inclusion) on May 6, 2026. (ECF No. 28.) Plaintiffs then filed a brief in opposition and now ask the court to reconsider and enter a new protective order with its proposed changes. (ECF No. 29.)

"It is common in civil litigation for parties to jointly ask the court to issue a 'protective order,' or a 'confidentiality order,' allowing the parties to exchange discovery information without having to worry that the information will be disclosed to the public or used for some purpose other than for litigation." *Jeffery v. Sobek*, No. 22-cv-123-pp, 2023 U.S. Dist. LEXIS 147022, *3 (E.D. Wis. Aug. 22, 2023). Here, the parties disagree as to whether the protective order should include a line preventing the unilateral redaction of information upon grounds of relevance or non-responsiveness. (ECF No. 29 at 1-2.)

Redacting documents that are not relevant to the discovery request is appropriate. *See RBS Citizens, N.A. v. Husain*, 291 F.R.D. 209, 222 (N.D. Ill. 2013)

(collecting cases); *see also* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery … relevant to any party's claim or defense"). Nor would it be unusual for the court to go so far as to restrict discovery based on relevance. *See, e.g., Balderston v. Fairbanks Morse Engine Div. of Coltec Indus.,* 328 F.3d 309, 320 (7th Cir. 2003) (finding no abuse of discretion where the district court limited discovery to the relevant documents).

Thus, the court declines to adopt plaintiffs' proposed protective order at this stage. However, this decision is not an implicit authorization for the parties to abuse their ability to redact—relevance is construed broadly when determining the scope of discovery, and other courts in this district consider "so-called responsiveness redactions … appropriate, if at all, only in extreme circumstances." *West v. DeJoy,* No. 22-CV-1068, 2023 U.S. Dist. LEXIS 210942, at *5 (E.D. Wis. Nov. 28, 2023); *see also* Coleman v. Illinois, No. 19C 3789, 2020 U.S. Dist. LEXIS 177020, at *11 (N.D. Ill. Sep. 25, 2020) ("The natural tendency of courts is to allow the civil litigant to discover information that is broadly 'relevant'…"). Should disputes about redaction and relevance arise in the future, the parties may seek court invention then. As it stands now, however, the protective order entered on May 6, 2026 (ECF No. 28) will remain in place.

**SO ORDERED.**

Dated at Green Bay, Wisconsin this 18th day of May, 2026.

> *s/ Byron B. Conway*
> BYRON B. CONWAY
> U.S. District Judge